# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **ANDREW ANAGNOS** and ) | | **C.A. NO. 04-11665-WGY** |
| **IRENE ANAGNOS-HATGIS,** ) | | |
|     Plaintiffs ) | | |
| ) | | |
| **V.** ) | | |
| ) | | |
| **THOMAS HULTGREN,** in his official and ) | | |
| personal capacities, **CHRISTOPHER FINNERAL,** ) | | |
| in his personal and official capacities, **OFFICER** ) | | |
| **JOHN DOE,** in his personal and official capacities, ) | | |
| and **THE CITY OF LOWELL**, ) | | |
|     Defendants ) | | |

## DEFENDANT, CITY OF LOWELL'S ANSWER TO PLAINTIFFS' COMPLAINT

Now comes the Defendant, City of Lowell ("CITY"), in the above-entitled action, and for answer says:

## COMPLAINT AND DEMAND
## FOR TRIAL BY JURY

The first unnumbered paragraph is introductory in nature and requires no response.

## JURISDICTION

1. Paragraph 1 contains no allegations of fact requiring an answer.

2. Paragraph 2 contains no allegations of fact requiring an answer.

3. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 3.

## THE PARTIES

4. The Defendant City lacks sufficient information to admit or deny the allegations in Paragraph 4.

5.  The Defendant City lacks sufficient information to admit or deny the allegations in Paragraph 5.

6.  The Defendant City admits that Defendant Hultgren was a police officer employed by the City of Lowell. The Defendant City denies that Defendant Hultgren acted under color of the statutes, customs, ordinances and practices referenced and calls upon Plaintiffs to prove same.

7.  The Defendant City admits that Defendant Finneral was a police officer employed by the City of Lowell. The Defendant City denies that Defendant Finneral acted under color of the statutes, customs, ordinances and practices referenced and calls upon Plaintiffs to prove same.

8.  The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 8.

9.  The Defendant City admits the allegations in Paragraph 9.

## **GENERAL ALLEGATIONS**

10. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

11. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

12. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

14. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

15. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

16. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

17. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 17.

18. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

19. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

20. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

21. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 21.

22. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

23. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

24. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

25. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

26. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

27. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 27.

28. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

29. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

30. The Defendant City lacks sufficient knowledge to admit or deny the allegations in Paragraph 30.

**COUNT I**
**WRONGFUL DEATH UNDER STATE LAW**

31. The Defendant City of Lowell repeats and reaffirms its responses to the allegations set forth in the preceding paragraphs of the complaint and incorporates them by reference as if fully set forth herein.

32. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

33. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

34. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

35. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

36. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

## COUNT II
## CONSCIOUS PAIN AND SUFFERING
## UNDER STATE LAW

37. The Defendant City of Lowell repeats and reaffirms its responses to the allegations set forth in the preceding paragraphs of the complaint and incorporates them by reference as if fully set forth herein.

38. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

39. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

40. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

41. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

## COUNT III
## NEGLIGENCE AND NEGLIGENT INFLICTION OF
## EMOTIONAL DISTRESS CAUSED BY
## DEFENDANT-OFFICERS UNDER STATE LAW

42. The Defendant City of Lowell repeats and reaffirms its responses to the allegations set forth in the preceding paragraphs of the complaint and incorporates them by reference as if fully set forth herein.

43. Count III is not directed to Defendant City and does not require an answer from City.

44. Count III is not directed to Defendant City and does not require an answer from City.

45. Count III is not directed to Defendant City and does not require an answer from City.

46. Count III is not directed to Defendant City and does not require an answer from City.

47. Count III is not directed to Defendant City and does not require an answer from City.

### COUNT IV
### NEGLIGENT HIRING, RETENTION AND TRAINING BY DEFENDANT-CITY OF LOWELL UNDER STATE LAW

48. The Defendant City of Lowell repeats and reaffirms its responses to the allegations set forth in the preceding paragraphs of the complaint and incorporates them by reference as if fully set forth herein.

49. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

50. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

51. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

52. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

53. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

54. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

55. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

56. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

57. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

58. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

**COUNT V**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**BY DEFENDANTS-HULTGREN, FINNERAL**
**AND THE CITY OF LOWELL**

59. The Defendant City of Lowell repeats and reaffirms its responses to the allegations set forth in the preceding paragraphs of the complaint and incorporates them by reference as if fully set forth herein.

60. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

61. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

62. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

63. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

64. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

65. The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

66.     The Defendant City denies the allegations in Paragraph 10 and calls upon Plaintiffs to prove same.

## DEMAND FOR TRIAL BY JURY

Defendant, City of Lowell, demands trial by jury on all issues so triable.

**WHEREFORE** the Defendant, City of Lowell, requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant, City of Lowell, attorney's fees and other costs incurred in defending this action.

## FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs have failed to state a claim upon which relief can be granted under 42 U.S.C. §1983, because they fail to allege a municipal custom, policy or practice or that any custom, policy or practice of the City that caused injury to Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiff failed to state a claim under M.G.L. c.12, §11I, because they fail to allege a deprivation of constitutional rights by threats, intimidation or coercion by the City.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it has not violated a well established constitutional right of the Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs' action is barred by the relevant statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to prospective equitable relief because they fail to support allegations of the likelihood of future injury, or to allege irreparable harm, or the unavailability of an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiffs failed to state causes of action which rise to the level of constitutional violations.

**SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that it is immune from liability based on respondeat superior as alleged under 42 U.S.C. §1983 and M.G.L. c.12 §§11H and 11I.

**EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiffs failed to properly comply with the provisions of M.G.L. c. 258, failed to name proper parties, and failed to state a cause of action under M.G.L. c. 258.

**NINTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that Plaintiffs' Complaint fails to state a claim under M.G.L. c.12 §§11H and 11I in that the alleged failure to train and negligent training by the City does not amount to force, intimidation or coercion and the City of Lowell therefore cannot be held liable under the Massachusetts Civil Rights Act.

**TENTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says, that no representative of, or policy-making authority in, the City committed any act or acts constituting deliberate

indifference to Plaintiffs' constitutional rights and the Complaint therefore should be dismissed as to City of Lowell.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it is not liable for the intentional torts alleged in Plaintiff's Complaint under M.G.L. c.258.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it is immune from any claims of negligence alleged in the Complaint under M.G.L. c.258 §§2 and 10.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the police officers named in Plaintiff's Complaint were not acting under color of law and therefore the Defendant City of Lowell is not liable to the Plaintiff for any act or acts alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it is immune from liability for punitive damages and said damages may not be assessed against the City of Lowell.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that, not being a person, it is immune from liability under M.G.L. c.12, §§11H and 11I.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs failed to provide the City due notice of the time, place and cause of injury and damage in accordance with M.G.L. c.258 §4.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that Plaintiffs' claim is limited to the allegations of the time, place, cause of injury and damage as set forth in his letter of presentment pursuant to M.G.L. c.258 §4.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that, at all times relevant to the complaint, all representatives and employees of the City of Lowell acted in accordance with federal and state law, and performed their employment duties in accordance with federal and state law.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs failed to perform all conditions precedent to a claim under M.G.L. c. 258.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs lack standing to sue under M.G.L. c. 229, §2.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to any damages for any conscious pain and suffering that the decedent allegedly sustained prior to his death, and they further lack standing to pursue any such claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that M.G.L. c.229, §2 provides the exclusive remedy for the actions alleged in the complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the conduct alleged in the complaint is not conscious-shocking.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to any damages for emotional distress, and they further lack standing to pursue any such claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that its liability for any of the allegations in the Plaintiffs' complaint, if any, is limited by M.G.L. c. 258.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to costs or attorneys' fees for the claims alleged in their complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiff, parents of the decedent described in the complaint, lack the capacity and standing to bring a cause of action for the allegations in the complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to any damages for any conscious pain and suffering that the decedent allegedly sustained prior to his death.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Court cannot assess prejudgment interest against the City.

**THIRTIETH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that 42 U.S.C. §1983 does not provide the Plaintiffs a cause of action for emotional distress.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiffs' complaint merely alleges a cause of action for negligence under state law, and the United States District Court lacks jurisdiction.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiffs' complaint merely alleges a cause of action for wrongful death under state law, and the United States District Court lacks jurisdiction.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the hiring process used by the City of Lowell complied with and followed state and federal law, state and federal regulations, the rules and regulations various state agencies including but not limited to the Commonwealth of Massachusetts Civil Service Commission, as promulgated under M.G.L. c.31, the rules and regulations of the Massachusetts Commission Against Discrimination under M.G.L. c.151B, the Massachusetts Criminal History Systems Board, under M.G.L. c.6 and others, and the Defendant City of Lowell is therefore not liable for any acts complained of

concerning violations of Plaintiff's rights by hiring the employees named in the Plaintiff's complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the training process used by the City of Lowell complied with and followed state and federal law, state and federal regulations, the rules and regulations of various state agencies, including but not limited to the Commonwealth of Massachusetts Civil Service Commission, as promulgated under M.G.L. c.31, the Commonwealth of Massachusetts Criminal Justice Training Council, the Commonwealth of Massachusetts Department of Public Safety, and the Commonwealth of Massachusetts Department of Personnel and Human Resources Division, and the Defendant City of Lowell is therefore not liable for any acts complained of concerning violations of Plaintiffs' rights by training the employees named in the Plaintiffs' complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the supervision and retention process used by the City of Lowell complied with and followed state and federal law, state and federal regulations, the rules and regulations of various state agencies, including but not limited to the Commonwealth of Massachusetts Civil Service Commission, as promulgated under M.G.L. c.31, the Commonwealth of Massachusetts Criminal Justice Training Council, the Commonwealth of Massachusetts Department of Public Safety, and the Commonwealth of Massachusetts Department of Personnel and Human Resources Division, and the Defendant City of Lowell is therefore not liable for any acts complained of concerning violations of Plaintiffs' rights by training the employees named in the Plaintiffs' complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that no policy of the City of Lowell regarding training, hiring, supervision or retention of employees caused any injury to the Plaintiffs.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs lack standing to sue because their complaint alleges injuries and damages to persons other than the Plaintiffs.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs' complaint lacks any allegation that the Defendants failed to provide adequate procedure, or that the Defendants violated an identified liberty or property interest protected by the due process clause.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that only the person toward whom the government action was directed, and not those incidentally affected, may maintain a §1983 claim.

### FORTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says a person may not sue, nor recover damages, for the deprivation of another person's civil rights under §1983.

### FORTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that 42 U.S.C. §1983 does not create a federal cause of action for the emotional distress of a spouse or parent.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the City of Lowell did not interfere with the Anagnos family's private family decisions.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that a relative may not bring a personal claim under 42 U.S.C. §1983 for the death of a relative.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that administrator of the decedent's estate failed to file a cause of action within the 3 year statute of limitations.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that there can be only one plaintiff in a cause of action for wrongful death.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell, says that Plaintiffs Andrew Anagnos and Irene Anagnos-Hatgis failed to serve a letter of presentment upon the Defendant City in accordance with M.G.L. c. 258.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the decedent did not have a right to immediate medical assistance.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant, City of Lowell, says that it did not owe a duty of care to the Plaintiffs or decedent.

17

### FORTY-NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it did not breach a duty of care to the Plaintiffs or decedent.

### FIFTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that it did not cause any damages to the Plaintiffs or decedent.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs' complaint fails to state that the Plaintiffs complied with all conditions precedent to recovery.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs' complaint fails to name a necessary party, Thomas Zazzara.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the alleged cause of the Plaintiffs' and decedent's injuries is one for which the Defendant City of Lowell is not legally liable.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell states that the Plaintiffs' and decedent's injuries and damages as alleged were sustained as the result of the tortious acts of a third person, over whose conduct the Defendant City of Lowell had no authority or control and the City of Lowell is not liable to either Plaintiff.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says the act or acts or omission of act or acts, alleged in the Plaintiffs' Complaint to be negligent or wrongful were committed, if at all, by a person for whose conduct the Defendant City of Lowell was not legally responsible, and further says that said acts were not arising out of nor in the scope of employment of the Defendant's employee.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell denies any negligent or wrongful act of any employee of the Defendant City of Lowell.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the Plaintiff was not in the exercise of due care and diligence at the time and place of the damage alleged in the Plaintiffs' Complaint, and further says that the Plaintiff and the decedent were guilty of contributory negligence equal to or greater than that of the Defendant City of Lowell.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that any alleged action taken or decision made by the Defendant City of Lowell or its public employees which allegedly caused Plaintiff's injuries was purely discretionary in nature, as defined under M.G.L. c.258, §10(b).

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the alleged negligent act or conduct of the agents, servants, or employees of the Defendant City of Lowell was discretionary in nature.

**SIXTIETH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that the act or acts or omission of act or acts alleged in the Plaintiffs' Complaint to be negligent or wrongful were not arising out of nor in the scope of employment of an employee of the Defendant, City of Lowell.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell is immune from liability in this action under M.G.L. c.258 §10(a).

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell is immune from liability in this action under M.G.L. c.258 §10(b).

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell is immune from liability in this action under M.G.L. c.258 §10(j).

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that it is not liable to Plaintiffs' claims for loss of consortium. Said claim does not lie against the municipality in the circumstances of the case as alleged.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the Defendant City of Lowell says that its employee was not at any time relevant to Plaintiffs' claim involved in a high speed chase of any person and Plaintiffs' complaint must be dismissed.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the Plaintiffs are not entitled to damages for negligent infliction of emotional distress because they did not witness the injuries, were not close to the scene, nor did they come upon the scene immediately after the alleged injuries occurred.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant City of Lowell says that the First Circuit has repeatedly rejected familial claims in the context of civil rights litigation.

August 23, 3004                                    CITY OF LOWELL, DEFENDANT

_____
Maria Sheehy, Assistant City Solicitor
BBO # 560102
Kimberley A. McMahon, Assistant City Solicitor
BBO # 641398
City of Lowell Law Department
375 Merrimack Street 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on Kirk Y. Griffin, Esq., 50 Staniford Street, Box 8190, Boston MA 02114, via first-class mail, on August 23, 2004.

_____
Kimberley A. McMahon, Assistant City Solicitor